Massolt Bottling Company v. Commissioner.
Massolt Bottling Co. v. Commissioner
Docket No. 3956.
United States Tax Court
1945 Tax Ct. Memo LEXIS 132; 4 T.C.M. (CCH) 677; T.C.M. (RIA) 45225; June 28, 1945
*132 Alfred W. Bowen, Esq., for the petitioner. E. Chester Adams, Esq., for the respondent. LEECH
Memorandum Findings of Fact and Opinion LEECH, Judge: Respondent has determined a deficiency in income tax of $574.19 for the calendar year 1941. The deficiency results from the disallowance by respondent of $2,700 of the amount of $4,500, paid in equal parts to the president, vice-president and secretary of petitioner, respectively, for services rendered as such officers. The reasonableness of the 3 salaries of $125 per month is the only issue. Findings of Fact Petitioner is a corporation with principal place of business at Minneapolis, Minnesota. Its return for the period here involved was filed with the collector of internal revenue for the district of Minnesota. Petitioner is engaged in the soft drink bottling business. Its gross sales for 1941 were $183,752.48. They were approximately the same amount for the 2 preceding years. The president of the petitioner is Glendora Massolt, the vice-president, Helen Massolt, and the secretary, Laura Nelson. For 1941, petitioner paid each of these officers a salary of $125 per month. This was the same amount which had been *133 paid each one of them over a long period of years. In 1939 and 1940 these three officers received salaries at this rate, but in those years the revenue agent examining their returns stated that objection would be made to the allowance of a salary of more than $50 per month to each and so, for each of those years, there was claimed as a deduction only $600 salary for each officer although $1,500 each was actually received, as in prior years. Petitioner's president, Glendora Massolt, is the widow of a former president of petitioner who died in 1922 and who was succeeded in that office by his brother, Edward Massolt, who died in 1934. Glendora Massolt has been president of petitioner for 9 years, since the death of Edward Massolt. She, together with Helen Massolt and Laura Nelson, and 2 other stockholders of the petitioner, constituted the board of directors. Helen Massolt has been vice-president of the petitioner for the past 9 years. She is the widow of Edward Massolt. Laura Nelson is the secretary of petitioer and has held that office for more than 15 years. She is the widow of a former officer of the corporation. These 3 individuals are the principal stock holders of the petitioner *134 and have been active in its affairs and management for years. Glendora Massolt presides at directors' meetings and is on call at all times, when necessary, for advice and consultation in connection with corporate affairs. Petitioner has a general manager who devotes his entire time to the business, but all 3 of the officers are in constant touch with him by telephone and he acts under their direction. They are also in contact frequently with one another in connection with the affairs of petitioner and determine the policy of the business. They direct the action to be taken with respect to material purchases and labor relations, handle the advertising of petitioner and maintain contact with its customers in an endeavor to stimulate the volume of sales and settle differences growing out of contacts between petitioner's employees and customers. Shortly after 1930 the business of petitioner became impaired and it began to run at a loss. These 3 officers thereupon began to take a very active part in petitioner's affairs and have done so ever since, with the result that petitioner was put on an earning basis and has continued to show a profit. In its return for 1941, petitioner deducted *135 salaries paid in that year of $125 each to its 3 executive officers in a total amount of $4,500. In determining the deficiency, respondent disallowed $2,700 of this amount, holding that a reasonable salary for each was not in excess of $50 per month. The services rendered petitioner by the 3 named officers in 1941 were substantial and the compensation of $125 per month paid to each of them was reasonable for such services and constituted an ordinary and necessary expense of the petitioner. Opinion Our finding that the salaries of $125 per month paid to each of petitioer's executive officers were reasonable decides the issue submitted. We think this conclusion amply justified upon the record. Decision will be entered for the petitioner.